UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,                                    Case No. 11-cr-20776

v.

                                                                   Hon. Sean F. Cox
                                                                   District Court Judge

Brian Ashbourne,

       Defendant.
_____/

## OPINION AND ORDER
## HOLDING THAT DEFENDANT BRIAN ASHBOURNE IS COMPETENT TO STAND TRIAL

On August 14, 2012, pursuant to Title 18, United States Code, Section 4241(a), before this Court, counsel for Defendant made a motion for a competency evaluation in order to determine if Defendant Brian Ashbourne is competent to stand trial. In furtherance of Defendant's motion, the Court conducted a hearing. Defendant's counsel, Marlon Evans, testified regarding his recent observations of Defendant, including Defendant's behavior and various statements Defendant made. Mr. Evans's testimony provided this Court with reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

The Government did not oppose Defendant's motion that a competency evaluation is appropriate and in Defendant's best interests.

1

The parties agreed that Dr. Ron Nieberding, Ph.D., of the Metropolitan Correctional Center in Chicago, Illinois, would examine Defendant. Based on Defendant's unopposed motion for a competency evaluation, in conjunction with the testimony provided, the Court found that there was reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to stand trial.

In order for Defendant Brian Ashbourne to be deemed incompetent to stand trial in this action, this Court must determine that, by a preponderance of the evidence, he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(d). "The determination of whether a defendant is mentally competent to stand trial is a question left to the sound discretion of the district court, with the advice of psychiatrists [or other mental health professionals]. The medical opinion of experts as to the competency of a defendant to stand trial is not binding on the court, since the law imposes the duty and responsibility for making the ultimate decision of such a legal question on the court and not upon medical experts." FED. PROC. § 22:549, Hearing and Determination as to Competency; *United States v. Davis*, 365 F.2d 251, 256 (6th Cir. 1966).

After careful consideration of the expert report submitted by Dr. Ron Nieberding, this Court concludes that the evidence establishes that Ashbourne is competent to stand trial in this matter. Accordingly, the Court finds, by a preponderance of the evidence, that Ashbourne is **NOT** presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Accordingly, the Court **ORDERS** that Defendant Brian Ashbourne is competent to stand trial in this action.

**IT IS SO ORDERED**.

                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated: December 19, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 19, 2012, by electronic and/or ordinary mail.

                                        S/Jennifer McCoy
                                        Case Manager