UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                                      Case No. 11-cr-20776

v.

                                                Hon. Sean F. Cox
                                                United States District Court Judge

Brian Ashbourne,

        Defendant.
_____/

## OPINION AND ORDER
## DENYING (1) THE DEFENDANT'S BATSON MOTION AND (2) THE GOVERNMENT'S BATSON MOTION

Defendant Brian Ashbourne was charged in a three count indictment with: (1) Non-Resident Illegal Alien in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(5); (2) Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1); and (3) Possessing a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c). (Docket No. 8.)

On January 8, 2013, the Government moved to strike Juror Number 273, an African American male. Counsel for Defendant moved for a *Batson* hearing to determine if the Government's use of its peremptory challenge was racially motivated.

On January 9, 2013, the Defendant moved to strike Juror Number 247, a Caucasian male. Counsel for the Government moved for a *Batson* hearing to determine if the Defendant's use of his peremptory challenge was racially motivated.

1

This Court held a hearing to address those motions on January 9, 2013.

For the reasons that follow, this Court **DENIES** (1) the Defendant's *Batson* Motion and (2) the Government's *Batson* Motion.

The Equal Protection Clause precludes a party from using a peremptory challenge to exclude members of the jury venire on account on their race. *Batson v. Kentucky*, 476 U.S. 79, 89 (1986). The Defendant has "the right to be tried by a jury whose members are selected pursuant to non-discriminatory intent." *Id.* at 86. The Supreme Court has articulated a three-step analysis to be applied to an equal protection claim that purposeful discrimination occurred in jury selection (i.e., a "*Batson* challenge"). *Rice v. White*, 60 F.3d 242, 253 (6th Cir. 2011).

First, the party opposing the strike must make out a *prima facie* case of race discrimination by showing:

>   (a)   that he/she is a member of a cognizable racial group;
>
>   (b)   that the proponent of the strike has used peremptory challenges to remove from the venire members of the strike opponent's race; and
>
>   (c)   that these facts and any other relevant circumstances raise an inference that the proponent of the strike excluded prospective jurors from the jury because of their race.

*United States v. Watford*, 468 F.3d 891, 911-12 (6th Cir. 2006); *Rice v. White*, 60 F.3d 242, 253 (6th Cir. 2011).

Second, once the opponent of the strike has established a *prima facie* case, the burden shifts to the strike proponent to come forward with a race-neutral explanation for his or her use of peremptory challenge. *Watford*, 468 F.3d at 912; *Rice*, 60 F.3d at 254. "Like the defendant's initial burden, the prosecutor's burden on step two is 'extremely light'; the prosecutor's proffered reason 'need not be particularly persuasive, or even plausible, so long as it is neutral.'" *Rice*, 60 F.3d at 254.

Third, if the proponent tenders a race-neutral reason, the trial court must then decide whether the opponent of the strike has proved purposeful racial discrimination. In doing so, "the district court has the responsibility to assess the strike proponent's credibility under all of the pertinent circumstances, and then to weigh the asserted justification against the strength of the strike opponent's *prima facie* case under the totality of the circumstances." *Watford*, 468 F.3d at 912; *McAllister*, 693 F.3d 572, 578–83 (6th Cir. 2012) (internal citations and quotations omitted).

With regard to the Defendant Ashbourne's *Batson* Motion, Defendant Ashbourne's counsel contends that the Government exercised its peremptory challenge on Juror No. 273 in consideration of his race. The Government contends that Defendant Ashbourne cannot make out a prima facie case of race discrimination. The Government points out that, at this point in the jury selection, 4 out of the 12 potential jurors (not including the alternates) are African American. Furthermore, the Government struck 5 Caucasian jurors from the jury panel, and only 2 African Americans from the jury panel, which is significant because the jurors who remain in the pool, and have not been subject to voir dire, are predominately African American.

This Court holds that the Defendant has not raised sufficient facts to show a prima facie case under *Waterford* or *Rice*. But, assuming that the Defendant has raised sufficient facts to establish a prima facie case of race discrimination, the Government has offered a race neutral explanation that establishes that it did not engage in purposeful discrimination when it used it peremptory challenge on Juror No. 273.

When asked by this Court at the November 9, 2013, hearing, why it used it peremptory challenge on Juror No. 273, the Government stated:

> I asked Mr. Anderson a series of questions about Mr. Evans' movie analogy. And one of the movies I asked him about was Scarface, and in that, I asked him if he was

3

>familiar with the last sequence. And the reason I asked that is because in the last sequence of that movie, in particular, Scarface, who is a drug dealer throughout the movie, has guns, he's shooting. Has a giant pile of cocaine. And I asked Mr. Anderson, if he had just seen that last sequence, would he be able to tell that he had -- Scarface had guns or was associated with drugs. And he said 'no,' then the hesitated and then he said, 'Well, maybe.' And I said to him, I followed that up, you know, do you need to see the entire movie to make that determination. Or if you have sufficient evidence, if you've seen just enough there, is that going to convince you? That's an important question, because the analogy Mr. Evans has been arguing. So I didn't like his responses. I thought they were inconsistent. I thought he became defensive when I was asking those questions. And it wasn't just those. I asked him a series of questions about direct and circumstantial evidence, and one of his answers is that he wouldn't convict unless he saw the defendant with a gun in his hand. And to me that's not what the law says. I think that's an answer I was uncomfortable with. And if any juror gave that answer, I would have struck them.

Thus, the Government has provided a race-neutral explanation for its use of the peremptory challenge on Juror No. 273, i.e., counsel for the Government was uncomfortable with the way in which Juror No. 273 responded to the questions regarding the movie, his body language during voir dire, and his defensiveness during voir dire. This Court is satisfied with that race-neutral explanation after reviewing all the evidence before it at the hearing.

With regard to the Government's *Batson* Motion, the Government contends that Defendant Ashbourne's counsel exercised his peremptory challenge with regard to Juror No. 247 on the basis of Jury No. 247's race. Juror No. 247 is a Caucasian male.

Defense counsel stated that he struck Juror No. 247 because he saw Juror No. 247 nod in affirmation when a comment was made by another juror, asserting that the juror who made the comment believed that illegal immigrants have no rights or limited rights in the context of criminal proceedings. Furthermore, Juror No. 247 is an engineer, and defense counsel stated that he generally tends to disfavor engineers as jurors because they are often too technical in analyzing factual situations. Defense counsel also stated that Juror No. 247 made the Defendant feel uncomfortable.

During the course of jury selection, the Government used its peremptory challenges to exclude two African Americans, one is a female and the other is a male. Defense counsel has, thus far, used his peremptory challenges to exclude an Asian American male, a Caucasian female, and eight Caucasian males. Based on these facts alone, there is an inference of a pattern of striking Caucasian males, with regard to establish a prima facie case of race discrimination.

Regardless of whether the Government has established a prima facie case of race discrimination or not, this Court holds, after reviewing all the evidence before it at the hearing, that defense counsel has provided this Court with a sufficient race neutral explanation as to why he struck Juror No. 247.

Accordingly, this Court denies both motions.

## CONCLUSION AND ORDER

For the reasons set forth above, **IT IS ORDERED** that (1) the Government's *Batson* Motion and (2) Defendant Ashbourne's *Batson* Motion are **DENIED**.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: January 10, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 10, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

5