UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

                                              Criminal Case No. 11-20776

v.

                                              Sean F. Cox

Brian Ashbourne,                        United States District Court Judge

    Defendant/Petitioner,
_____/

## ORDER DENYING
## MOTION FOR SENTENCE REDUCTION UNDER *JOHNSON* (D.E. NO. 93)

Following a jury trial, Defendant/Petitioner Brian Ashbourne ("Ashbourne") was found guilty of all three counts: 1) being a non-resident illegal alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2); 2) possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and 3) possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

At the time of sentencing, Ashbourne had no criminal history, which his counsel stressed in his Sentencing Memorandum. (D.E. No. 51). This Court sentenced Ashbourne to total term of: 51 months on Counts 1 and 2, to be served concurrently, and 60 months on Count 3, to be served consecutively to Counts 1 and 2, resulting in an aggregate sentence of 111 months. (5/28/13 Judgment, D.E. No. 57 at Pg ID 376).

Ashbourne filed a direct appeal. The United States Court of Appeals for the Sixth Circuit affirmed. *United States v. Ashbourne*, Case No. 13-1705 (6th Cir. Jul. 7, 2014) (D.E. No. 83).

Ashbourne later filed a motion for sentencing reduction under 18 U.S.C. § 3582(c)(2).

1

This Court granted that motion and reduced Ashbourne's sentence in an October 20, 2015 "Order Regarding Motion for Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2)." (D.E. No. 92).

On August 8, 2016, Ashbourne filed another motion asking the Court to reduce his sentence. Ashbourne's current motion asks the Court to reduce his sentence based on *Johnson v. United States*, 135 S.Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague.

Ashbourne's motion does not explain why he believes that *Johnson* applies to his case, but his motion suggests that Ashbourne was sentenced as a "career offender." (D.E. No. 93 at Pg ID 1679). He was not. As the Government's response notes, Ashbourne had no criminal history (or crime of violence) at sentencing that could have affected his guidelines or sentence. *Johnson* has no application here.

Accordingly, **IT IS ORDERED** that Ashbourne's motion for sentence reduction (D.E. No. 93) is **DENIED.**

**IT IS SO ORDERED.**

Dated: February 27, 2017
                 s/Sean F. Cox
                 Sean F. Cox
                 U. S. District Judge


I hereby certify that on February 27, 2017, the foregoing document was served on counsel of record via electronic means and upon Brian Ashbourne via First Class mail at the address below:

Brian Ashbourne 46554039
BSCC-Cedar Hill Unit
3711 Wright Ave.
Big Spring, TX 79720

                 S/J. McCoy
                 Case Manager